| | |
|---|---|
| PETER STROJNIK, SR., | Case No. 1:19-cv-01196-BAM |
| Plaintiff, | **ORDER CLOSING CASE IN LIGHT OF UNOPPOSED REQUEST TO DISMISS** |
| v. | (Doc. No. 15) |
| 1309 WEST SHAW, LLC, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Peter Strojnik, Sr., ("Plaintiff") proceeding pro se, initiated this Americans with Disabilities Act action on August 30, 2019. (Doc. No. 1.) Defendant 1309 West Shaw, LLC ("Defendant") answered the complaint on December 11, 2019. (Doc. No. 12) The parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes. (Doc. Nos. 4, 12-1.)

On January 9, 2020, Plaintiff filed a notice of voluntary dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a). (Doc. No. 15.) The Court construed the notice as a motion to dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(2) and directed Defendant to file a response or statement of non-opposition to the motion or, alternatively, for the parties to file a stipulation of dismissal. (Doc. No. 16.) On January 10,

1

2020, Defendant filed a statement of non-opposition. (Doc. No. 17.) Defendant affirmed that it does not oppose Plaintiff's motion to dismiss this action with prejudice. (*Id*.)

Federal Rule of Civil Procedure 41(a)(1) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 748 (9th Cir. 2008). Under Rule 41(a)(1)(A)(i), "a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment" by filing a notice of dismissal. *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1999). Where a defendant has served an answer or a motion for summary judgment, the plaintiff may no longer voluntarily dismiss by filing a notice of dismissal under Rule 41(a)(1)(A)(i) and must file either a stipulation of dismissal signed by all parties who have appeared under Rule 41(a)(1)(A)(ii) or a motion for voluntary dismissal under Rule 41(a)(2). *Id.*; *see also* Fed. R. Civ. P. 41(a). Rule 41(a)(2) provides in relevant part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2); *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2003). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

In this instance, Defendant filed and served an answer before Plaintiff's notice of voluntary dismissal was filed and Plaintiff did not submit a stipulation of dismissal signed by Defendant. As such, the action may not be automatically dismissed under Rule 41(a)(1). *See* Fed. R. Civ. P. 41(a)(1). However, Defendant has not opposed Plaintiff's request for dismissal of this action with prejudice. Given Defendant's non-opposition, the Court finds no reason to deny Plaintiff's request for voluntary dismissal under Rule 41(a)(2). Therefore, the Court shall grant the motion and close this action. *See* Fed. R. Civ. P. 41(a)(2); *Hargis*, 312 F.3d at 412; *Smith*, 263 F.3d at 975.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for voluntary dismissal with prejudice under Rule 41(a)(2) (Doc.

No. 15) is GRANTED;

    2.    The action is terminated in its entirety;

    3.    All pending dates and matters are VACATED; and

    4.    The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **January 13, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE